UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOUISIANA TAX CREDIT FINANCE, LLC | CIVIL ACTION NO. 17-cv-1392 |
| VERSUS | JUDGE FOOTE |
| ROTGD PRODUCTIONS, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Louisiana Tax Credit Finance, LLC ("Plaintiff") filed this civil action against three defendants to collect sums allegedly due on a commercial loan. Plaintiff invokes the court's diversity jurisdiction, which puts the burden on Plaintiff to allege specific facts that show that there is complete diversity of citizenship. The original complaint does not contain sufficient facts to meet that burden.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).

Plaintiff alleges that it is an LLC "whose members are juridical and natural persons domiciled in Louisiana." One of the defendants, IM Global, LLC is alleged to have members who are "all natural or juridical citizens of foreign states." Defendant ROTGD Productions, LLC is alleged to have one member, fellow defendant IM Global, LLC. Finally, defendant

ROTGD Productions NY, Inc. is alleged to be incorporated in New York and has its principal place of business in California.

The allegations are sufficient with respect to the corporation, but more specific allegations are required to establish the citizenship of Plaintiff and the LLC defendants. This must be done with factual specificity regarding their members. The Fifth Circuit emphasized this in Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017), where the Court stated, "The Wentworth Parties' removal notice failed to allege complete diversity because it did not adequately allege the citizenship of every party; that is, it failed to allege the citizenship of each member of the many LLC- and partnership-litigants. A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." When the members of an LLC are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007); Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

Plaintiff may not have access to the citizenship information for the defendants. Parties in the defendants' position ordinarily provide the citizenship information voluntarily, and they are directed to do so in this case so that this preliminary issue may be resolved as

quickly and efficiently as possible. If the defendants will not provide the information voluntarily, Plaintiff may conduct discovery limited to the citizenship issues.

The court will not set a deadline at this time for Plaintiff to file an amended complaint, but the jurisdictional issue will have to be resolved before scheduling is allowed. Plaintiff should file an amended complaint as soon as the necessary information is gathered. Whether Plaintiff will have to file a motion for leave to amend, or may amend as a matter of course, is governed by Federal Rule of Civil Procedure 15.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of October, 2017.

Mark L. Hornsby
U.S. Magistrate Judge